works as a full-time teacher, yet she submitted conclusory allegations that back surgery she had in 1990 prevents her from defending plaintiff's action in Monroe County. An unsworn letter from defendant's physician is incompetent to prove that defendant is unable to travel. We conclude that Supreme Court gave "excessive weight" to defendant's alleged health problems *(Wilson v Sponable,* 77 AD2d 799, 800). Moreover, defendant failed to prove that material witnesses reside in Rockland County and failed to address the issue of court congestion.

We, therefore, modify the order to deny defendant's motion for a change of venue. We do not address the motion for summary judgment and defendant may, should she choose, resubmit her motion for summary judgment to Supreme Court, Monroe County. (Appeals from Order of Supreme Court, Monroe County, Calvaruso, J., for Patlow, J.—Change of Venue.) Present—Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ.

■ COUNTY OF MONROE, Respondent, v RAYTHEON COMPANY et al., Appellants. (Appeal No. 1.)—Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Galloway, J. (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Dismiss Complaint.) Present—Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ.

■ COUNTY OF MONROE, Respondent, v RAYTHEON COMPANY et al., Appellants. (Appeal No. 2.)—Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Galloway, J. (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Renewal.) Present—Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ.

■ In the Matter of TIMOTHY P. MAYERAT et al., Respondents, v TOWN BOARD OF THE TOWN OF ASHFORD, Appellant.— Judgment unanimously reversed on the law with costs and judgment granted in accordance with the following Memorandum: On July 10, 1991, the Town Board of the Town of Ashford (Town Board) enacted a resolution consenting, with certain conditions, to the enactment of a bill pending before the Legislature that would amend ECL article 29 to allow the State of New York, if it so chose, to locate a low-level radioactive waste facility at West Valley in the Town of Ashford. Supreme Court granted petitioners' CPLR article 78 petition, annulled the resolution and ordered the Town Board not to consent to any such legislation unless it first complies with the State Environmental Quality Review Act (SEQRA).